IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01896-RBJ-KLM

CAROL GILL-MULSON, and
JOHN H. WILLSON,

    Plaintiffs,

v.

EAGLE RIVER FIRE PROTECTION DISTRICT,

    Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Interested Party Charles Moore's ("Moore") **Motion for Protective Order** [Docket No. 31; Filed February 27, 2012] (the "Motion"). Moore seeks a protective order in advance of his deposition scheduled for March 12, 2012. As an initial matter, the Motion fails to comply with D.C.COLO.LCivR 10.1E, which requires that all papers presented for filing with the Court be double-spaced. The Motion is subject to denial on this basis alone.

    In addition, Moore has failed to comply with D.C.COLO.LCivR 7.1A., which provides as follows:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter.

In the Motion, counsel for Moore only states, "Telephonic and email inquiry of Plaintiff's counsel was made as to the application for relief by motion. No response was received." *Motion* [#31] at 1. By this statement, Moore's counsel has not demonstrated that he made a "reasonable, good faith effort" to confer. After contacting opposing counsel about a disputed matter, counsel for the moving party is advised to wait **at least three business days** for a response before filing a motion with the Court. The Motion is also subject to denial on this basis alone.

Further, pursuant to the Scheduling Order [#26] governing this case, the Motion is premature.  *See Sched. Ord.* [#26] at 5 ¶ 8(d).  The Scheduling Order provides as follows:

> No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1A.  If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue.  **Both of these steps must be completed before any contested discovery motions are filed with the Court**.

*Id.* (emphasis added).  Counsel for Moore has not arranged a conference call to set a hearing regarding the instant discovery dispute.  Even if counsel for Moore, as counsel for an Interested Party, was unaware of the instructions in the Scheduling Order, opposing counsel should have informed him of the proper procedure for handling discovery disputes before Magistrate Judge Mix had he properly complied with D.C.COLO.LCivR 7.1A.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#31] is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that no party or Interested Party shall file a contested discovery motion until after complying with the steps for following the Magistrate Judge's discovery dispute procedure, as stated below:

> *Step 1*: Counsel meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1A. Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.
>
> *Step 2*: If discovery disputes are not resolved, counsel then agree on a mutually convenient time to call the Court at (303) 335-2770 for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement.
>
> No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.
>
> The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and

time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

*Step 3*: When counsel call the Court for the discovery hearing, the judge's law clerks will ask counsel questions relating to the nature of the dispute. The law clerks will consult with the judge as necessary. If the judge determines that any documents are required for review prior to the hearing, counsel will be instructed to email such documents to the Court's chambers, and the hearing will be set at a mutually convenient date and time in the future.

*Step 4*: If no documents are necessary for review and the judge is immediately available, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

Dated:  March 1, 2012