IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01896-RBJ-KLM

CAROL GILL-MULSON, and
JOHN H. WILLSON,

    Plaintiffs,

v.

EAGLE RIVER FIRE PROTECTION DISTRICT,

    Defendant.

CHARLES MOORE,

    Interested Party.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Plaintiffs' First, Second, and Third Claims Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 10; Filed September 1, 2011] (the "Motion"). The Motion was referred to this Court for recommendation [#36]. Plaintiffs filed a Response [#18] to the Motion on September 19, 2011. Defendant filed a Reply [#22] on October 6, 2011. The Court has reviewed the Motion, the Response, the Reply, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motion [#10] be **GRANTED**.

### I. Summary of the Case

Plaintiffs filed the Complaint [#1] on July 7, 2011. Defendant moves to dismiss the

three claims collectively asserted by Plaintiffs: (1) deprivation of property interests and rights without due process of law pursuant to the Fourteenth Amendment; (2) breach of contract; and (3) promissory estoppel.[1]  *See Compl.* [#1] at 4-5.

The following facts are alleged in the Complaint.  Plaintiff John H. Willson ("Willson") began working for Defendant in September 1986, became a full-time firefighter in 1989, and was promoted to Captain in 1992.  *Id.* at 2.  From 1995 to 2002, he worked for a different fire protection district, but in April 2002 he returned to employment with Defendant as a Battalion Chief.  *Id.*  In 2006 Willson became Division Chief of Training and the next year received a promotion to Deputy Chief of Operations.  *Id.*

Plaintiff Carol Gill-Mulson ("Gill-Mulson") began working for Defendant in 1983 as a firefighter/engineer and was later promoted to Fire Marshal and Deputy Chief.  *Id.*  At the time of her termination in 2010, she had been Defendant's highest-ranking female employee since about 1985, although there were only two female firefighters as of 2010. *Id.* at 3.  Plaintiff Gill-Mulson asserts that Charles Moore ("Moore"), who had been Defendant's Fire Chief since 1990 and its highest-ranking employee, supervised, communicated, and conducted performance appraisals in a discriminatory manner with respect to Plaintiff as opposed to her male colleagues.  *Id.*  For example, she states that Fire Chief Moore "communicated with male Deputy Chiefs regarding their performance and assignments, affording them an opportunity to perform and meet established goals and increasing their opportunity for a higher bonus [payment]," although he refused to do these things with Plaintiff, resulting in comparatively smaller bonus payments.  *Id.*

---

[1] Plaintiff Carol Gill-Mulson asserts two additional claims pursuant to Title VII, neither of which are at issue in the Motion.  *See Compl.* [#1] at 5-6.

In January 2010, Defendant's Board of Directors held a meeting with its employees, which Plaintiffs attended. *Id.* The Board Chairman (the "Chairman") announced at that meeting that all employee positions were secure until at least 2012. *Id.* Plaintiffs aver that they detrimentally relied on this statement. *Id.*

In March 2010, Defendant created a new position, Assistant Chief, but did not post it, so Plaintiff Gill-Mulson was unable to apply for it. *Id.* A less qualified, less experienced male was given the promotion. *Id.* On August 4, 2010, Plaintiff Gill-Mulson wrote to Defendant about its discriminatory treatment toward her. *Id.* On August 19, 2010, Defendant terminated both Plaintiffs' employment. *Id.*

Plaintiffs allege that they have suffered loss of earnings and income, loss of benefits, emotional pain, suffering, distress, humiliation, embarrassment, and other losses and injuries as a result of Defendants' conduct. *Id.* at 4. They seek compensatory, exemplary, and punitive damages, as well as attorneys' fees, expenses, and costs. *Id.*

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a

complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (quotation marks and citation omitted).

### III. Analysis

#### A. Breach of Contract

Plaintiff asserts that the Chairman's statement that all employee positions were secure until at least 2012 created a binding oral employment contract. Defendant argues that there was no contract or that the alleged contract was unenforceable. Because the Court finds Defendants' statute-of-frauds argument to be dispositive, it declines to address

Defendant's other contentions.

For the purposes of this discussion, the Court assumes, without deciding, that a contract was formed between Defendant and Plaintiffs by the Chairman's oral statement in January 2010. In Colorado, an oral contract that cannot be performed within one year is unenforceable. Colo. Rev. Stat. § 38-10-112(1)(a). This includes oral contracts for employment. *Whatley v. Crawford & Co.*, 15 Fed. App'x 625, 635 (10th Cir. 2001). Here, Plaintiffs contend that the Chairman bound Defendant to an oral contract for employment from January 2010 until at least 2012. This period is clearly longer than one year. Even if the alleged contract is construed as an open-ended contract for at-will employment or an oral contract regarding conditions of employment, the fact remains that an oral contract for employment concerning a term of more than one year is unenforceable. *See Whatley*, 15 Fed. App'x at 635. Further, even though the alleged contract was breached in less than a year when Plaintiffs were terminated on August 19, 2010, the Colorado statute of frauds prevents enforcement of the contract because the original agreement, as alleged, spanned a period of more than one year. *See id.*

Thus, the Court finds that, even if a contract was formed by the Chairman's statement at the January 2010 meeting, the Colorado statute of frauds renders it unenforceable. Accordingly, the Court finds that Plaintiffs' first claim for breach of contract fails.

**B.     Promissory Estoppel**

Plaintiffs further assert that Defendant should be held liable based on a theory of

promissory estoppel.[2]

The elements of a promissory estoppel claim are: (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promisee; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice. *Marquardt v. Perry*, 200 P.3d 1126, 1129 (Colo. App. 2008). The promise, as asserted by Plaintiffs, is that their employment was secure until at least 2012, and Defendant allegedly broke that promise when it terminated their employment in August of 2010.

The first element of a promissory estoppel claim requires Plaintiffs to allege a promise that: (1) discloses promissory intent or constitutes "a commitment by the employer," and (2) is "sufficiently specific so that the judiciary can understand the obligation assumed and enforce the promise according to its terms." *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1325 (10th Cir. 2005) (citation and emphasis omitted). The basis of this claim cannot be mere "vague assurances." *Id.* Here, the single general statement regarding job security allegedly made at one meeting to an unspecified group of employees provides too little information regarding the nature of Defendant's obligations to Plaintiffs. *See id.* (stating that an "unequivocal pledge to 'work around' a job requirement" is too vague for a claim of promissory estoppel); *see also Hayes v. Eateries, Inc.*, 905 P.2d 778, 780-81 (Okla. 1995) (finding that an employer's statements to an employee that he would have a

---

[2] Plaintiffs may assert a viable claim for promissory estoppel notwithstanding the statute of frauds defense to an oral contract claim. *See Kiely v. St. Germain*, 670 P.2d 764, 764 (Colo. 1983).

job as long as his performance remained adequate were too vague for a claim of promissory estoppel). Plaintiffs thus fail to meet the first element of their claim.

Further, even if the Chairman's statement could be construed as more than a vague assurance, Plaintiffs have failed to allege any acts taken or not taken by them that could demonstrate detrimental reliance on Defendant's alleged promise. They have not alleged that they contemplated leaving Defendant's employ, either before or after the January 2010 meeting, that they chose not to seek other job opportunities, that they refused other offers of employment, or that they detrimentally relied on the Chairman's statement in any other manner. Plaintiffs merely state that they continued employment with Defendant, but they fail to offer any facts to establish that their continued employment would have been different had the Chairman not made his statement. *See Tinley v. Poly Triplex Technologies, Inc.*, No. 07-cv-01136-WYD-KMT, 2010 WL 1539883, at *2 (D. Colo. Apr. 19, 2010) (stating that "the essence of a promissory estoppel claim is detrimental reliance" and that lack of allegations/evidence of detriment prevents such a claim from succeeding). Plaintiffs thus fail to meet the third element of their claim.

Finally, Plaintiffs have failed to allege facts demonstrating that the circumstances of the case are "such that injustice can be avoided only by enforcement of the promise." *Jones*, 427 F.3d at 1326 (quoting *Nelson v. Elway*, 908 P.2d 102, 110 (Colo.1995)). This element of promissory estoppel is discretionary with the Court and is not a question for the trier of fact. *Jones*, 427 F.3d at 1326 (citations omitted). Again, Plaintiffs merely made a blanket assertion that they should not have been terminated based on the Chairman's statement in January of 2010. This conclusory assertion is not sufficient to establish that enforcement of the promise is the only way to avoid injustice. *See Chidester v. E. Gas &*

*Fuel Assoc.*, 859 P.2d 222, 225 (Colo. App. 1992) (stating that it is "generally insufficient to establish injustice or unconscionable injury" when the allegations of injustice are simply that the other party failed to perform on a contract).

Accordingly, the Court finds that Plaintiffs' second claim for promissory estoppel fails.

**C.     Property Interest**

Third, Plaintiffs argue that they had a protected property interest in their continued employment with Defendant pursuant to the Fourteenth Amendment, by virtue of their breach of contract and promissory estoppel claims.  Defendant argues that, because Plaintiffs have no viable contract or estoppel claim, their section 1983 property interest claim must fail as well.

Due process protections apply to an individual's property interest in employment as governed by state law or as a result of an implied contract of employment.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985); *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo. 1987); *Bailey v. Kirk*, 777 F.2d 567, 574-75 (10th Cir. 1985); *Gleason v. Bd. of Cnty. Commissioners*, 620 F. Supp. 632, 634 (D. Colo. 1985).  An employee who may only be suspended or terminated for cause has a property interest in his or her continued employment.  *Loudermill*, 470 U.S. at 538; *Bailey*, 777 F.2d. at 574-75.  A cause of action pursuant to 42 U.S.C. § 1983 arises if a government entity deprives an employee of this property interest without procedural due process as guaranteed by the Fourteenth Amendment.  *Gleason*, 620 F. Supp. at 634.  Promissory estoppel may also serve as the basis for a due process claim in connection with one's property interest in employment. *Perry v. Sindermann*, 408 U.S. 593, 601-02 (1972); *Univex Int'l v. Orix Credit Alliance*, 914

P.2d 1355, 1357-58 (Colo. 1996).

Plaintiffs cite to *Evenson v. Colo. Farm Bureau Mut. Ins. Co.*, 879 P.2d 402 (Colo. App. 1993) for the proposition that an at-will employee may not be terminated in violation of limitations the employer has set on its right to fire employees, such as by contract or estoppel. *See Response* [#18] at 11. Here, however, the Court has found that no implied contract or ground for promissory estoppel exists. In the absence of an express or implied contract or viable promissory estoppel claim, no other allegations support Plaintiff's contention that they had a protected property interest in their employment. *See Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1251 (10th Cir. 2007) (stating that an employee may have a protected property interest if the employee has tenure, a fixed-term contract, or an implied promise of continued employment, or if state law permits dismissal only for cause or its equivalent).

Accordingly, the Court finds that Plaintiffs' third claim of a protected property interest pursuant to section 1983 fails.

### IV. Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that Plaintiffs' first claim for breach of contract be **DISMISSED WITH PREJUDICE**[3] and that Plaintiffs' second claim for promissory estoppel and third claim for be **DISMISSED WITHOUT PREJUDICE**[4]

---

[3] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Here, no amendment of Plaintiffs' Complaint would change the fact that the Colorado statute of frauds bars Plaintiffs' breach-of-contract claim.

[4] "[Parties] should be granted an opportunity to amend [their] claims prior to a dismissal with prejudice." *Meadows at Buena Vista, Inc. v. Ark. Valley Publ'g Co.*, No. 10–cv–02871–MSK–KMT, 2012 WL 502688, at *2 n.5 (D. Colo. Feb. 15, 2012).

and that Plaintiff Willson be **DROPPED** from this action.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 1, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge