IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-01896-RBJ-KLM

CAROL GILL-MULSON and JOHN H. WILLSON,

    Plaintiffs,

v.

EAGLE RIVER FIRE PROTECTION DISTRICT,

    Defendant.

## ORDER

This matter comes before the Court on defendant's motion to dismiss plaintiffs' first, second and third claims pursuant to Fed. R. Civ. P. 12(b)(6) [docket #10] and the Recommendation of United States Magistrate Judge Kristen L. Mix [#37] that the motion be granted. Plaintiffs filed a timely objection to the recommendation [#40], to which defendant filed a response [#42].

**Standard of Review**

Following the issuance of a magistrate judge's recommendation on a dispositive motion the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.* To be proper, an objection must be both timely and specific. *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is timely if it is filed within fourteen days of the issuance of the Magistrate's recommendation. Fed. R. Civ. P. 72(b)(2). To preserve an issue for *de novo* review, the

objection must be specific enough to "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel*, 73 F.3d at 1060.  The Federal Magistrates Act does not "require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Facts**

In the Complaint [#1] plaintiff Carol Gill-Mulson alleges the she was employed by the defendant, the Eagle River Fire Protection District, as a firefighter/engineer on January 1, 1983 and was subsequently promoted to Fire Marshall and Deputy Chief.  *Id.* ¶10.  Although Ms. Gill-Mulson had been defendant's highest ranked female employee and was one of only two female firefighters, she alleges that she was treated disparately by the Fire Chief as compared to males in terms of supervision, communication, and performance appraisals, resulting in lower bonuses than male colleagues.  In March 2010 defendant created a new position of Assistant Chief, but it was not posted, and Ms. Gill-Mulson was not permitted to apply for it.  Rather, a less qualified and less experienced male was promoted into the position.  *Id.* ¶12.  On August 4, 2010 she complained, through counsel.

Plaintiff John H. Willson worked for the defendant as a firefighter and later a Captain from 1986 to 1995.  He then served several years with the West Metro Fire Protection District before being rehired by the defendant as a Battalion Chief in April 2002.  In 2006 he was named Division Chief in Training, and in 2007 he was promoted to Deputy Chief of Operations.  *Id.* ¶9.

On August 19, 2010 both plaintiffs were terminated.  *Id.* ¶14.  Plaintiffs allege that the terminations were contrary to the representations of the Chairman of the defendant's Board at a Board meeting in January 2010, attended by employees including themselves and Fire Chief

Charles Moore, that the positions of all employees were secure at least until 2012, on which the plaintiffs relied to their detriment. *Id.* ¶¶15-16.

Plaintiffs assert five claims for relief: (1) violation of both plaintiffs' constitutional right to due process; (2) breach of contract; (3) promissory estoppel; (4) discrimination based upon gender in violation of Title VII of the Civil Rights Act of 1964 (Ms. Gill-Mulson only); and (5) retaliation for protected activities under Title VII (Ms. Gill-Mulson only). Defendant argues that claims one through three should be dismissed, because plaintiffs were "at will" employees. They purport to establish that fact by attaching the affidavit of Kristen Nash, Human Resources Manager [#10-1], who in turn attaches each plaintiff's signed acknowledgement of receipt of the Eagle River Fire Protection District Employee Handbook. These acknowledgements include the statements that

- "I understand that neither the employer nor myself is committed to an employment relationship for a fixed period of time."
- "Employment with the Eagle River Fire Protection District is at-will."
- "The language used in this handbook and any verbal statements of management are not intended to constitute a contract of employment, either express or implied, nor are they a guarantee of employment for any specific duration."
- "I understand that no representative of the Eagle River Fire Protection District, other than the Chief of the District, has the authority to enter into [an] agreement of employment for any specified period and such agreement must be in writing, signed by the Board of Directors and myself. We have not entered into such an agreement."

[#10-1 at 4-5].

United States Magistrate Judge Kristen L. Mix issued a Recommendation on June 1, 2012 that the motion to dismiss the first, second and third claims be granted. [#37]. She concluded that the breach of contract claim, which hinged on an alleged oral contract, was barred by the statute of frauds. *Id.* at 4-5. As to the promissory estoppel claim, the magistrate judge concluded that the complaint did not sufficiently allege either specific, concrete promise; or facts demonstrating that the circumstances were such that injustice could be avoided only by the enforcement of the promise. *Id.* at 5-8. Finally, as to the constitutional claim, the magistrate judge concluded that because plaintiffs did not have a viable contract or promissory estoppel claim, plaintiffs did not allege the deprivation of a protected property interest. *Id.* at 8-9.

In their objection to the magistrate judge's recommendations, plaintiffs object to her rulings on all three claims.

**Conclusions**

**A.  Contract Claim**.

As indicated, this claim is based upon an allegation that during a meeting of the District's Board of Directors with all employees in January 2010, the Chairman of the Board stated that all employees' positions would be secure at least until 2012. Complaint [#1] ¶16. The allegation in the complaint is not placed within quotation marks, and I infer that it is not an exact quotation of what the Chairman said. In any event, the substance of the allegation is that what was said created an oral contract that superseded the employees' previous at will status and guaranteed their jobs until at least January 1, 2012. Plaintiffs reiterate their claim in their Objection [#40] to the magistrate judge's recommendation. At page one, they state, "[p]laintiffs' breach of contract claim asserts that Plaintiffs had an oral contract for continued employment with Defendant from January 2010 until at least 2012." Again at page seven plaintiffs state, "the Chairman of

4

Defendant's Board of Directors stated that Plaintiffs would be employed until 2012. This statement unambiguously describes a specific, definite term of employment that can be enforced by this Court."

Setting aside serious questions as to whether the unilateral statement attributed to the Chairman could create a contract at all, and assuming to plaintiffs' benefit that it could, the plaintiffs nevertheless must take the bad with the good. Colorado law provides that, with exceptions not relevant here,"[e]very agreement that by the terms is not to be performed within one year after the making thereof" is void. C.R.S. § 38-10-112(a). An agreement for continued employment for two years cannot be performed within one year. The alleged oral contract is void under the plain wording of the statute.

Plaintiffs make a valiant effort to save their contract claim by citing cases holding that only those agreements that cannot possibly be performed within one year are barred. Plaintiffs cite, for example, Judge Krieger's denial of summary judgment based on a statute of frauds defense in *Vinton v. Adam Aircraft Industries, Inc.,* 232 F.R.D. 650, 658-59 (D. Colo. 2005). There the alleged oral agreement was to employ plaintiff "until retirement." The Court noted plaintiff's deposition testimony that, during the negotiations of the alleged contract, the employer specifically retained the right to terminate the plaintiff at any time for cause. *Id.* at 659. In the present case, however, the Court is deciding a motion to dismiss under Rule 12(b)(6). The Court construes plaintiffs' factual allegations in their favor, but it does not ignore them. Plaintiffs plainly allege that defendant agreed to continue their employment for at least two years. That cannot be done within one year.

Accordingly, I agree with Judge Mix's analysis and recommendation regarding the contract claim.

5

B. <u>**Promissory Estoppel.**</u>

Notwithstanding a statute of frauds defense, an employee can recover on a promissory estoppel theory if equity requires it. *Kiely v. St. Germain,* 670 P.2d 764, 768-70 (Colo. 1983). Accordingly, "[a]n employee may be entitled to relief under a promissory estoppel theory if the employee can demonstrate that: [1] the employer should reasonably have expected the employee to consider the employer's communication as a promise from the employer; [2] the employee reasonably relied on the promise to his detriment; and [3] injustice can be avoided only by enforcing the promise." *Watson v. Public Service Co. of Colorado,* 207 P.3d 860, 869 (Colo. App. 2008)(numbers added).

The Complaint alleges that "[p]laintiffs reasonably relied, to their detriment, on the statements made by the Board at the above referenced meeting … [by continuing] in their employment as dedicated employees." Courts assume the truth of plaintiffs' well-pleaded factual allegations. *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). This does not, however, extend to purely conclusory allegations. To avoid dismissal the complaint must contain "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)).

Plaintiffs' allegation of detrimental reliance is conclusory. There is no allegation, for example, that plaintiffs passed up other employment opportunities because of the "promise," or even that they were induced by the statement not to seek employment elsewhere. There is no allegation that opportunities that were plausibly available to them when the statement was made were no longer available to them when their employment was terminated. For all that appears, the plaintiffs might have felt a degree of relief that their jobs remained secure, but the nature of

any "detrimental" reliance is absent from the Complaint. Accordingly, the promissory estoppel allegations do not state a claim on which relief could be granted.

### C. Property Interest

Amendment 14 to the United States Constitution provides, in pertinent part, "nor shall any State deprive any person of . . . property, without due process of law." The property interest claimed here is their interest in continued employment. *See* Objection [#40] at 9. Because plaintiffs have not adequately alleged the existence of either a contract or an estoppel right to continued employment, it follows that the constitutional claim also must be dismissed.

### Order

1. Motion #10 is GRANTED.
2. The Recommendation of the magistrate judge [#37] is ADOPTED.
3. Plaintiffs' First Claim (breach of contract) is dismissed with prejudice.
4. Plaintiffs' Second and Third Claims are dismissed without prejudice. Plaintiffs are granted leave to amend as to those claims.
5. Because plaintiffs may amend the Second and Third claims, if they can allege in good faith facts that plausibly establish a promissory estoppel claim, and because in any event plaintiffs' Fourth and Fifth claims were not a subject of the motion, the Court defers any award of costs.

DATED this 23rd day of January, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge